# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DWAYNE FREEMAN,

                      Petitioner,

v.

WARDEN MICHAEL MEISNER,

                      Respondent.

Case No. 18-CV-596-JPS

**ORDER**

On April 16, 2018, Petitioner Dwayne Freeman ("Freeman") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of the Constitution and laws of the United States. (Docket #1). The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations,

exhausted available state remedies, avoided procedural default, and set forth cognizable claims.[1]

On February 18, 2015, a jury found Freeman guilty of armed robbery, burglary, and possession of a firearm by a felon, in Milwaukee County Circuit Court Case No. 2014CF003400. On March 24, 2015, he was sentenced. As to the armed robbery charge, the court sentenced him to eight years, five of initial confinement and three on extended supervision, consecutive to the other counts. Similarly, on the burglary charge, the court sentenced Freeman to six years of initial confinement and three years of supervision, for a total of nine years, consecutive to all other counts. Finally, on the felon in possession count, the court sentenced him to six years, including three years of initial confinement and three years of extended supervision. This final sentence was set to run concurrently to the others. In sum, then, Freeman was to be confined for an initial period of at least eleven years.

The judgment of conviction was issued on April 1, 2015. Freeman filed a notice of intent to pursue post-conviction relief that same day. The motion for post-conviction relief was not actually filed until January 6, 2016. It was denied in the trial court five days later, on January 11, 2016. Freeman took an appeal from that decision. The Wisconsin Court of Appeals affirmed the judgment of conviction, the sentence, and the denial of post-conviction relief in an order dated February 28, 2017. *State v. Freeman*, 896 N.W.2d 391, 2017 WL 889734 (Wis. Ct. App. Feb. 28, 2017).

---

[1]Along with his petition, Freeman filed a motion for leave to proceed without prepayment of the filing fee. (Docket #2). That motion must be denied as moot, since Freeman submitted the full $5.00 filing fee when he filed the petition.

The Wisconsin Supreme Court denied Freeman's petition for discretionary review on June 12, 2017. *State v. Freeman*, 899 N.W.2d 704 (Wis. 2017).

As part of its Rule 4 review, the Court first considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears the petition is timely. Freeman initiated his appeal and post-conviction proceedings immediately upon entry of the judgment of conviction. His habeas clock began to run on September 10, 2017, ninety days after the Wisconsin Supreme Court denied discretionary review. Far less than one year has elapsed between that date and the filing of this petition on April 16, 2018. Thus, the Court cannot say that the petition is plainly barred by the statute of limitations.

Next, the Court analyzes whether Freeman fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*,

505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Freeman appears to have exhausted his remedies as to each of the two claims he raises in his petition. First, Freeman alleges that he received ineffective assistance of trial counsel because his trial lawyer did not comply with the procedural prerequisites necessary to introduce Freeman's alibi witnesses, including disclosing that testimony to the State thirty days prior to trial. (Docket #1 at 6–7). Second, Freeman asserts that the trial judge violated his due-process rights by excluding the testimony of his alibi witnesses. *Id.* at 7. Here, he theorizes that these witnesses were not planning to testify to an "alibi" as that term is construed in Wisconsin law, and so his lawyer's failure to abide by the procedural mechanisms to introduce such evidence did not matter. *Id.* In Freeman's view, the court misconstrued the potential testimony as alibi testimony. *Id.*

It appears, at least at this early stage, that both of these claims have been exhausted. His present theory of ineffective assistance, arising from the failure to timely notify the State about the potential alibi witnesses, was one of several ineffectiveness theories he advanced in the Wisconsin courts. *See Freeman*, 2017 WL 889734, at *4–5. Further, while the Court of Appeals analyzed his second claim about the trial court's exclusion of evidence under principles of relevance, not due process, Freeman seems to have argued the point to the court. *Id.* at *3. To the extent Freeman presented a different legal theory to the Wisconsin courts than he presents to this Court now, that could give rise to an exhaustion problem. *Anderson*

*v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006). But on the face of the petition, it is not clear that such a problem exists, so the Court will leave it to Respondent to make that argument if it is supported by the evidence.

The Court will now analyze whether Freeman has procedurally defaulted on either of his claims. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Functionally, procedural default arises when the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001). Neither circumstance appears to have arisen in this case, and so the Court will not dismiss Freeman's claims at this time on the basis of procedural default.

The Court concludes its Rule 4 review by screening for patently frivolous claims in Freeman's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of his claims, it does not plainly appear that they are frivolous.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

    c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

  a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

  b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

**IT IS FURTHER ORDERED** that Petitioner shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the Clerk of the Court, Petitioner need not mail to counsel for Respondent copies of documents submitted to the Court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge