UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE FREEMAN,

            Petitioner,

v.                                                    Case No. 18-cv-0596-bhl

NICHOLAS REDEKER,

            Respondent.

_____

**ORDER SCREENING AMENDED HABEAS PETITION**
_____

      This case has a long procedural history even though it has hardly moved off the starting line. On April 16, 2018, Petitioner Dwayne Freeman, a state prisoner currently incarcerated at John C. Burke Correctional Center, filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254. (ECF No. 1.) Freeman has been in state custody since a Wisconsin state court jury convicted him of armed robbery, burglary, and unlawful possession of a firearm. (ECF No. 12-5 at 5.) Judge J.P. Stadtmueller screened Freeman's petition on May 1, 2018 and allowed him to proceed with two claims, both concerning alleged alibi witnesses. (ECF No. 5.) Freeman's first ground for relief was that his trial counsel was ineffective for not complying with state law procedural requirements that alibi witnesses be identified 30 days prior to trial. (ECF No. 1 at 6.) Freeman's second ground was that the trial judge violated his due process rights by excluding his alibi witnesses from testifying at trial. (*Id.* at 7.)

      Freeman's case was reassigned on consent to Magistrate Judge David E. Jones. (ECF No. 9.) After Respondent answered the petition, Freeman filed a motion asking the Court to stay and hold his petition in abeyance to allow him to exhaust his state-court remedies on additional claims not raised in his petition. (ECF Nos. 12 & 13.) While cautioning that any claims not raised in the original petition might be time-barred, Judge Jones granted Freeman's motion and stayed the proceedings on September 27, 2018. (ECF No. 14.) A year later, on September 13, 2019, Judge Jones closed Freeman's case for administrative purposes. (ECF No. 15.) The Court then heard nothing from Freeman for another four years. On May 25, 2023, seemingly out of nowhere, Freeman filed an amended petition that included new claims not raised in his initial petition and

that may have dropped one of his previously allowed claims. (ECF No. 17.) Because Freeman did not sign the amended petition, the clerk directed him to refile it, which he did on June 20, 2023. (ECF No. 19.) The Amended Petition now stands ready for screening.

## SCREENING STANDARD

Rule 4 of the Rules Governing § 2254 Cases governs the Court's screening of the amended petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. In screening the amended petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

Freeman's amended petition asserts three grounds for relief. (ECF No. 19.) First, he claims actual innocence based on newly discovered evidence, consisting of affidavits from witnesses, some of whom may be the alibi witnesses described in his initial petition. (*Id*. at 5.) Second, he asserts ineffective assistance of trial counsel based on trial counsel's failure to investigate three "exculpatory trial witnesses" that "would have enhanced the possibility of the alleged victim having mistaken" Freeman's identity. (*Id.* at 6.) His third ground asserts ineffective assistance based on trial counsel's alleged failure to "challeng[e] the complaint and information" on "due process" and "multiplicity" grounds. (*Id.* at 7.)

Freeman's first obstacle in getting his amended habeas petition past screening is the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year limitations period applies "to any application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Federal habeas claims must thus be raised within one year of a petitioner's conviction becoming final. A direct challenge to a conviction becomes final the day Remittitur issues, and the expiration of the time for seeking direct review occurs 90 days later when the time to petition the United States Supreme Court for certiorari lapses. *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005); *Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002).

Freeman's conviction became final on June 13, 2017,[1] giving him until September 11, 2018 to file his petition. Freeman's initial petition, filed on April 14, 2018, was thus timely. (ECF No. 1.) The analysis does not end there, however. Freeman then filed a motion to stay, which was granted on September 27, 2018, (ECF Nos. 13 & 14), but, as Judge Jones cautioned him at the time, the stay did not stop the statute of limitations from running on any new claims not raised in his original petition. (ECF No. 14 at 3); *Tucker v. Kingston*, 538 F.3d 732, 733 (7th Cir. 2008). The Court must therefore consider whether the claims in his amended petition are timely.

I.  **Freeman's Third Claim Is Time-Barred.**

An individual seeking habeas relief may amend his or her habeas petition consistent with the Federal Rules of Civil Procedure. 28 U.S.C. § 2242 ("Application for a writ of habeas corpus…may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course" typically within 21 days after service. This time period does not apply to habeas petitions, because petitions are typically not served on the respondent until after screening. Accordingly, a habeas petitioner may generally amend his pleading as a matter of course until the statute of limitations has expired. *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Freeman filed his Amended Petition on May 25, 2023, although he did not sign it until June 20, 2023. (ECF Nos. 17 & 19.) Because Freeman's amended petition was not filed until almost five years after the limitations period had expired, the claims in his amended petition will survive screening only if they "relate back" to his original petition. Claims raised in an amended habeas petition relate back under Rule 15(c)(1) when they "state claims that are tied to a common core of operative facts." *Jackson v. Foster*, No. 19-cv-49-jps, 2019 WL 6049906, at *3 (E.D. Wis. Nov. 15, 2019). Whether a claim "relates back" requires a more careful analysis in the habeas context. Rule 2(c) of the Rules Governing § 2254 Cases requires that a petition "specify all grounds for relief" and "state the facts supporting each ground." Accordingly, the relation back standard for amended habeas petitions is narrower than in a typical civil proceeding. *Mayle*, 545 U.S. at 662 ("If claims asserted after the one-year period could be revived simply because they relate back to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."). Amended petitions do not relate back when they simply "assert[] a new

---

[1] *See State v. Freeman*, Milwaukee Cnty. Case No. 2014CF003400, https://wcca.wicourts.gov/caseDetail.html?caseNo=2014CF003400&countyNo=40&index=0&mode=details (docket entry dated June 30, 2017).

ground for relief supported by facts that differ in both time and type from the original pleading set forth." *Id.* at 650. With respect to habeas petitions, new claims must be "based on the same facts as the original pleading and only change[] the legal theory." *Id.* at 664 n.7 (citation omitted).

In *Mayle*, the Supreme Court illustrated the types of claims that relate back for habeas purposes. For example, an amendment relates back if the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963) (which requires prosecutors to turn over exculpatory evidence to the defense) and the amended petition challenges the government's failure to disclose a particular report. In those circumstances, relation back is appropriate because "[b]oth pleadings related to evidence obtained at the same time by the same police department." *Mayle*, 545 U.S. at 664 n.7 (discussing *Mandacina v. United States*, 328 F.3d 995, 1000–01 (8th Cir. 2003)). Relation back is also warranted where the original petition "challenged the trial court's admission of recanted statements" and the amended petition "challenged the court's refusal to allow the defendant to show that the statements had been recanted." *Id.* (discussing *Woodward v. Williams*, 263 F.3d 1125, 1142 (10th Cir. 2001)).

The Court cannot allow Freeman to proceed with the third ground for relief in his amended petition because it is a new claim that does not relate back to his initial petition and is therefore untimely. Freeman's third ground for relief is that his trial counsel was ineffective based on his failure to "challeng[e] the complaint and information" on "due process" and "multiplicity" grounds. (ECF No. 19 at 7.) While Freeman asserted an ineffective assistance claim in his original petition, that claim rested on trial counsel's alleged failure to provide adequate notice of certain alibi witnesses, as will be explained below. (*See* ECF No. 1.) The third ground in the amended petition also asserts an ineffective assistance claim, but that fact alone does mean that it relates back. *See Anderson v. Foster*, No. 13-cv-256-jps, 2013 WL 3224592, at *2 (E.D. Wis. June 25, 2013). Only where the new and prior ineffective assistance claims are "entwined and share the same core facts" will the Court find that the petition relates back. *See Otero v. Richardson*, 14-cv-760-jdp, 2018 WL 1525717, at *3 (W.D. Wis. Mar. 28, 2018) (holding the petition related back where original petition asserted trial counsel's failure to file a formal discovery demand to obtain a specific piece of evidence and amended petition concerned the state's failure to disclose that same piece of evidence); *Gonzalez v. Dennison*, No. 20-cv-4024, 2023 WL 3258525, at *4 (N.D. Ill. May 4, 2023) (determining the amended petition related back to original petition where both presented claims about trial counsel's ineffectiveness with respect to petitioner's plea). Freeman's

new ineffective assistance claim does not rest on the same facts as the claims raised in his earlier petition. The facts grounding his latest claim—counsel's failure to challenge the complaint and information on multiplicity and due process grounds—are wholly separate from his prior claim concerning counsel's failure to call alibi witnesses. *C.f. Otero*, 2018 WL 1525717, at *3 ("These claims are entwined and share the same core facts."). Therefore, Freeman's new ineffective assistance claim is time-barred and will be dismissed.

## II. Freeman's First and Second Grounds for Relief at Least Arguably Relate Back to his Original Petition.

The other two grounds in the Amended Petition are not clearly untimely. Freeman's first ground for relief is that he is actually innocent as demonstrated by affidavits provided by several witnesses. The Supreme Court has yet to recognize a freestanding actual innocence claim entitling petitioners to habeas relief in a non-capital case. *Arnold v. Dittman*, 901 F.3d 830, 837 (7th Cir. 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). As a general matter, claims of actual innocence based on newly discovered evidence are thus not an independent ground for federal habeas relief; instead, a petitioner "must show that his conviction violates the Constitution, laws, or treaties of the United States." *Herrera v. Collins*, 506 U.S. 390, 400–02 (1993) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Given that Freeman is proceeding *pro se*, however, the Court will interpret the first ground for relief in his amended petition as an attempt restate or bolster the Fourteenth Amendment due process claim raised in his initial petition. Whether that is an accurate characterization of his theory and whether the theory has merit are for another day. But because the claim thus construed is related to one raised in his initial petition, the Court cannot conclude that it is obviously untimely. Also, because it appears that Freeman has presented and exhausted this claim in state court, he will be allowed to proceed on this claim.

Freeman's second ground for relief is on more solid ground. This claim largely tracks the ineffective assistance claim raised in Freeman's initial petition and thus sufficiently relates back to render it timely. *See* Fed. R. Civ. P. 15(c)(1)(B); *Mayle*, 545 U.S. at 650; *Otero*, 2018 WL 1525717, at *3. In his original petition, Freeman asserted that his trial counsel was ineffective because he failed to introduce alibi witness testimony, and in his amended petition, Freeman asserts that trial counsel failed to "not investigat[e] and call[] … exculpatory trial witnesses" who "would have enhanced the possibility of the alleged victim having mistaken" Freeman's identity. (*Compare* ECF No. 1 at 5–6 *with* ECF No. 19 at 6.) These two grounds have intertwined facts and therefore his amended petition sufficiently relates back to the original. And it appears that

Freeman's second claim has underwent one full round of state court review. The Court thus cannot conclude from this petition that Freeman is plainly not entitled to relief on this ground, and so Freeman will be allowed to proceed on this claim.

## CONCLUSION

For the aforementioned reasons, Freeman may proceed on his first and second grounds for relief in his amended petition only. (ECF No. 19.) The Court will also lift the stay, reopen the case, and will require the respondent to respond to the amended petition.

Accordingly,

**IT IS HEREBY ORDERED** that Freeman may continue with his first and second grounds for relief in his amended petition, ECF No. 19.

**IT IS FURTHER ORDERED** that Freeman's third ground for relief in his amended petition, ECF No. 19, for ineffective assistance of counsel for failure to challenge the complaint and information, is untimely and therefore **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court lifts the stay and reopens the case. (ECF Nos. 14 & 15.)

**IT IS FURTHER ORDERED** that within 60 days of the date of this order, Respondent shall either answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, or file a dispositive motion.

**IT IS FURTHER ORDERED** that if Respondent files an **answer** to the petition:
1. Petitioner shall have **45 days** following the filing of Respondent's answer within which to file his brief in support of his petition.
2. Respondent shall have **45 days** following the filing of Petitioner's initial brief within which to file a brief in opposition.
3. Petitioner shall have **30 days** following the filing of the Respondent's opposition brief within which to file a reply brief, if any.

**IT IS FURTHER ORDERED** that if the Respondent files a **dispositive motion** and supporting brief in lieu of an answer:
1. Petitioner shall have **45 days** following the filing of Respondent's motion within which to file a brief in opposition.
2. Respondent shall have **30 days** following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

**IT IS FURTHER ORDERED** that Civil L.R. 7(f) applies to the parties' submissions and the Petitioner shall send copies of all future correspondence or filings with the court to counsel for the Respondent.

Dated at Milwaukee, Wisconsin on August 17, 2023.

                                                                                  s/ *Brett H. Ludwig*
                                                                                  BRETT H. LUDWIG
                                                                                  United States District Judge