UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE FREEMAN,

                Petitioner,

v.                                                                  Case No. 18-cv-0596-bhl

NICHOLAS REDEKER,

                Respondent.

**ORDER GRANTING RESPONDENT'S MOTION FOR PARTIAL DISMISSAL**

      This order resolves a portion of a case that has been languishing on the Court's docket for years. On April 16, 2018, Petitioner Dwayne Freeman, a state prisoner currently incarcerated at Chippewa Valley Correctional Treatment Facility, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Judge J.P. Stadtmueller screened the petition on May 1, 2018 and allowed Freeman to proceed with two claims, both concerning alleged alibi witnesses. (ECF No. 5.) The case was then reassigned on consent to Magistrate Judge David E. Jones. (ECF No. 9.) After Respondent answered the petition, Freeman filed a motion asking the Court to stay and hold his petition in abeyance to allow him to exhaust his state-court remedies on additional claims not raised in his petition. (ECF Nos. 12 & 13.) While cautioning that any claims not raised in the original petition might be time-barred, on September 27, 2018, Judge Jones granted Freeman's motion and stayed the proceedings. (ECF No. 14.) A year later, Judge Jones closed Freeman's case for administrative purposes. (ECF No. 15.) The Court then heard nothing from Freeman for another three years.

      On May 25, 2023, Freeman filed a new/amended habeas petition. (ECF No. 17.) Because Freeman did not sign the amended petition, the clerk directed him to refile a signed version. (ECF No. 18.) Freeman complied on June 20, 2023. (ECF No. 19.) The Court then screened Freeman's amended petition on August 17, 2023, and concluded that while one of Freeman's claims was time-barred, two other grounds for relief were sufficient to move forward. More specifically, the Court allowed Freeman to proceed on claims concerning: (1) an alleged violation of his due

process rights based on the exclusion of alibi witnesses;[1] and (2) an ineffective assistance of trial counsel claim based on counsel's failure to investigate three potentially exculpatory witnesses. (ECF No. 21.)

On September 13, 2023, Respondent filed a motion to dismiss Freeman's second ground for relief, arguing that it is procedurally defaulted. (ECF Nos. 23 & 23-1.) More than nine months have now passed, and Freeman has not responded to Respondent's motion despite receiving multiple extensions from the Court. (*See* ECF Nos. 24, 26, 28.) The Court will wait on Freeman's response no longer, and as explained below, will grant Respondent's motion and dismiss Freeman's second ground for relief.

## BACKGROUND

Following a 2015 jury trial, Freeman was convicted of armed robbery, burglary, and felon-in-possession charges. (ECF No. 12-1.) He filed a postconviction motion arguing that (1) his trial counsel was constitutionally ineffective and (2) the trial court had erroneously excluded two alibi witnesses. (ECF No. 23-2 ¶13.) The circuit court denied the motion without a hearing and the Wisconsin Court of Appeals affirmed. (*Id.* ¶¶1, 13.)

In 2018, Freeman filed another motion for postconviction relief supported by an affidavit from Nigel Jackson-Riley. (ECF No. 23-3 ¶14.) Freeman argued that assertions in the affidavit were newly discovered evidence that warranted a new trial. (*Id.*) Freeman also argued, among other things, that trial counsel was ineffective for failing to investigate and call two other individuals, Arzel Chisholm and Joseph Jenkins, as witnesses. (*Id.*) The postconviction court denied Freeman's motion without a hearing. (*Id.*) Freeman moved for reconsideration and added a new argument, insisting that his *appellate* counsel was ineffective for not arguing that his trial counsel had been ineffective for not investigating and calling three witnesses, Jackson-Riley, Chisholm and Jenkins. (*Id.* ¶15.) The court denied Freeman's motion for reconsideration. (*Id.*)

Freeman again appealed to the Wisconsin Court of Appeals, arguing in relevant part that the trial court erred because it did not conduct an evidentiary hearing on his ineffective assistance of trial counsel claim and that both trial and appellate counsel were ineffective. (*Id.* ¶3.) The court of appeals largely affirmed but held that Freeman had alleged sufficient facts to warrant an

---

[1] Freeman's amended petition categorizes his first ground as a "[n]ewly discovered evidence of innocence claim" based on affidavits of three alibi witnesses. (ECF No. 19 at 5.) The Court noted at screening that the Supreme Court has yet to recognize a freestanding claim of actual innocence in a non-capital case, but interpreted Freeman's claim as an attempt to restate or bolster the due process claim raised in his initial petition. (ECF No. 21 at 5.)

evidentiary or "*Machner*" hearing on trial counsel's failure to investigate and call Chisholm as a witness. (*Id.* ¶¶47, 56.) The court of appeals remanded the case to the postconviction court for a *Machner* hearing regarding counsel's failure to call Chisholm. (*Id.* ¶56.)

Prior to the hearing on remand, the prosecutor informed the circuit court that Chisholm[2] had died from a gunshot wound on January 21, 2015, three weeks before Freeman's trial began. (ECF No. 23-4 at 3.) The circuit court subsequently denied Freeman's ineffective assistance claim, concluding that Chisholm "could not have testified at the jury trial . . . because he was deceased." (*Id.*) Freeman again appealed and the court of appeals summarily affirmed the circuit court's decision in a February 7, 2023 order. (*Id.* at 6.) The court of appeals held that—given Chisholm's death prior to trial—Freeman was not entitled to a *Machner* hearing because he had not alleged facts sufficient to establish both deficiency and prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.* at 3–4.) Freeman's amended habeas petition followed.

## ANALYSIS

Freeman alleges ineffective assistance of his trial counsel based on counsel's failure to investigate and call as witnesses Jackson-Riley, Chisholm, and Jenkins. (ECF No. 19 at 6.) Respondent contends this claim is procedurally defaulted. (ECF No. 23-1 at 1.) More specifically, Respondent argues that Freeman did not present his failure-to-investigate claim as to Jackson-Riley to the state courts and that the Wisconsin Court of Appeals denied his failure-to-investigate theories as to Chisholm and Jenkins on an adequate and independent state ground. (*Id.* at 6–9.) Because the Court agrees with Respondent as to each witness, Respondent's motion will be granted, and Freeman's second habeas ground dismissed.

Procedural default precludes a federal court from considering a habeas claim's merits "when either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). A state court's ruling triggers procedural default when it is both independent of federal law ("does not depend on the merits of the petitioner's claim") and adequate ("firmly established and regularly followed as

---

[2] At some point in these proceedings, it was determined that Chisholm's name was spelled "Chisom." (ECF No. 23-4 at 2 n.3.) For simplicity's sake, and because both Freeman and Respondent continue to refer to the potential witness as Chisholm, the Court will do so as well.

of the time when the procedural default occurred"). *Triplett v. McDermott*, 996 F.3d 825, 829 (7th Cir. 2021); *see also Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010) ("A state procedural ground is independent if it was expressly relied on by the state court in rejecting the claim, and it is adequate if it is a clearly established and consistently followed state practice at the time it is applied."). To trigger procedural default, the state court must "clearly and expressly" rely on the state ground in reaching its decision. *Coleman v. Thompson*, 501 U.S. 722, 734 (1991) (quoting *Harris v. Reed*, 489 U.S. 255, 266 (1989)).

**I.   Freeman Did Not Present an Ineffective Assistance of Trial Counsel Claim to the State Courts as to Jackson-Riley.**

The record confirms that Freeman did not raise and exhaust any claim in the state court regarding his *trial* counsel's alleged ineffectiveness in failing to investigate and call Jackson-Riley as a witness. While Freeman identified Jackson-Riley as a potential source of evidence, he did not raise in the state courts the ineffective assistance claim that he now seeks to assert on habeas. The record confirms that he first mentioned Jackson-Riley in his collateral motion for postconviction relief when he presented an affidavit from Jackson-Riley and asserted that the affidavit warranted a new trial based on newly discovered evidence. (ECF No. 23-3 ¶14.) Nothing in that motion argued that Freeman's trial counsel had been ineffective in failing to interview or call Jackson-Riley as a witness, however. Freeman later argued in a subsequent motion for reconsideration that his *appellate* counsel was ineffective for not raising an ineffective assistance of trial counsel claim as to Jackson-Riley. (*Id.* ¶15.) His having done so does not help him here, however, for two reasons. First, the claim he raised—relating to the ineffectiveness of his *appellate* counsel—is different than the claim he raises here, which alleges ineffectiveness of his *trial* counsel. Moreover, and in any event, he later abandoned his claim against his appellate counsel concerning Jackson-Riley in the state court. (*See id.* ¶53–55.) Accordingly, the record is clear, as Respondent maintains, that Freeman never exhausted an ineffective assistance of trial counsel claim in the state courts relating to the handling of Jackson-Riley as a witness. (ECF No. 23-1 at 7–8.) Any attempt to do so now would be barred under state law. *See* Wis. Stat. § 974.06(4); *State v. Escalona-Naranjo*, 517 N.W.2d 157, 162–64 (Wis. 1994).) Accordingly, Freeman has procedurally defaulted this portion of his habeas claim. *See Perruquet*, 390 F.3d at 514.

## II. The Wisconsin Court of Appeals Rejected Freeman's Ineffective Assistance Claim as to Chisholm and Jenkins on an Adequate and Independent State Ground.

Freeman is also barred from proceeding on an ineffective assistance claim based on trial counsel's alleged failure to investigate and call the other two witnesses he now identifies. A Wisconsin court may not grant relief on an ineffective assistance of counsel claim without holding a hearing—known as a *Machner* hearing—at which trial counsel testifies. *See State v. Machner*, 285 N.W.2d 905, 908–09 (Wis. Ct. App. 1979). But a defendant is only entitled to a *Machner* hearing if he "provide[s] sufficient material facts—*e.g.*, who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks." *State v. Allen*, 682 N.W.2d 433, 446 (Wis. 2004). The Seventh Circuit has confirmed that the *Allen* rule is an adequate and independent state law ground for the purposes of procedural default in federal habeas corpus proceedings. *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014) ("[T]he *Allen* rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate.") (collecting cases).

The Wisconsin Court of Appeals clearly and expressly relied on the *Allen* rule in examining Freeman's claim that his trial counsel was ineffective in failing to investigate and call both Chisholm and Jenkins as witnesses. (ECF No. 23-3 ¶35.) In so doing, it held that Freeman did not allege facts sufficient to warrant a *Machner* hearing as to Jenkins. (*Id.* ¶47.) That holding is sufficient to bar Freeman from raising an ineffective assistance claim in this Court concerning trial counsel's handling of Jenkins. *See Lee*, 750 F.3d at 693–94. The state court's handling of Chisholm in more complicated, but the analysis reaches the same end.

On appeal, the state court first concluded that Freeman was entitled to a *Machner* hearing as to Chisholm. (ECF No. 23-3 ¶47.) But that determination was later upended when the record was developed on remand and the circuit court found that Chisholm had been killed before Freeman's trial. Based on that finding, the circuit court denied Freeman's claim again, concluding no hearing was necessary. (ECF No. 23-4 at 3.) Freeman again appealed, and this time the court of appeals summarily affirmed the circuit court's decision, concluding that Freeman was no longer entitled to a *Machner* hearing. (*Id.* at 6.) It reasoned that—given Chisholm's death prior to trial—Freeman had not alleged facts sufficient to establish both deficiency and prejudice under *Strickland*. (*Id.* at 3–4.) The court did not explicitly invoke *Allen* in its summary disposition, but there was no need to. It had laid out the *Allen* standard clearly in its prior decision and expressly relied on it in granting Freeman a *Machner* hearing. While the procedural default doctrine requires that a state court "clearly and expressly" rely on a state ground in reaching its decision, it does not

need to lay out the rule a second time in painstaking detail after remanding on a narrow issue. The court of appeals reiterated in its second summary disposition that Freeman needed to allege facts that, if true, established ineffective assistance of counsel and it concluded that a *Machner* hearing was no longer required because he had not done so in light of Chisholm's death. Given the court's explanation of the *Allen* rule in its previous decision (which it cited to extensively in the latter), this was sufficient to establish the clear and express reliance on *Allen* the procedural default doctrine requires. Accordingly, Freeman's claim is procedurally defaulted as to both Chisholm and Jenkins.

**III.     Freeman Has Not Demonstrated Cause and Prejudice Sufficient to Excuse His Default, Nor Demonstrated that Default Would Result in a Fundamental Miscarriage of Justice.**

In theory, Freeman's procedural defaults would not necessarily doom his ability to raise these claims in a federal habeas petition. Federal law recognizes that a habeas petitioner's default can be excused if he demonstrates cause and prejudice for the default or shows that the Court's failure to consider his claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 749–50. These are incredibly high standards. "Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (quoting *Lewis*, 390 F.3d at 1026). Alternatively, the miscarriage of justice exception applies only in the extremely rare or extraordinary case, requiring the petitioner to "show that he is actually innocent of the offense for which he was convicted, *i.e.*, that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)).

These theoretical exceptions to procedural default do not help Freeman here. He has failed to respond to Respondent's motion to dismiss[3] and thus abandoned any opportunity he might have to satisfy the conditions necessary to excuse his defaults. Moreover, the Court's own review of the record confirms there is nothing that would demonstrate cause or prejudice sufficient to relieve

---

[3] On May 28, 2024, Freeman filed a letter informing the Court that he has recently been moved to a new facility and asking for a 60-day extension to respond to the motion to dismiss. (ECF No. 29.) Freeman was given more than eight months to respond and failed to do so. Further extension is not warranted, and Freeman's request is denied.

Freeman from his procedural default. Nor does the record contain such overwhelming evidence of actual innocence to trigger the miscarriage of justice exception. Accordingly, Freeman's second habeas claim based on the alleged ineffective assistance of trial counsel is procedurally defaulted and will be dismissed.

## CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Respondent's motion for partial dismissal, ECF No. 23, is **GRANTED**. Petitioner Dwayne Freeman's second ground for habeas relief is dismissed.

**IT IS FURTHER ORDERED** that Freeman's motion for extension, ECF No. 29, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order, Respondent shall answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that:

1. Petitioner shall have **45 days** following the filing of Respondent's answer within which to file his brief in support of his petition.
2. Respondent shall have **45 days** following the filing of Petitioner's initial brief within which to file a brief in opposition.
3. Petitioner shall have **30 days** following the filing of the Respondent's opposition brief within which to file a reply brief, if any.

Dated at Milwaukee, Wisconsin on June 27, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge