UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE FREEMAN,

          Petitioner,

v.                                                            Case No. 18-cv-0596-bhl

LANCE WIERSMA,[1]

          Respondent.

## ORDER DENYING §2254 HABEAS PETITION

      In 2015, a Milwaukee County jury convicted Petitioner Dwayne Freeman of robbery, burglary, and possession of a firearm by a felon. After unsuccessfully appealing in the state courts, Freeman filed a petition for writ of habeas corpus in this Court. The Court initially stayed his petition (at Freeman's own request) while he tried to exhaust potential additional claims in state court. On June 20, 2023, Freeman filed an amended petition, asserting three grounds for relief. (ECF No. 19.) The Court rejected one of his grounds as untimely at screening and later granted Respondent's motion to dismiss another ground as procedurally defaulted. (ECF Nos. 21 & 30.) Accordingly, Freeman is now proceeding on a single ground: a claim that he has newly discovered evidence of his innocence. As explained in the Court's screening order, however, this theory cannot, without a corresponding constitutional violation, entitle him to relief. Despite that warning, Freeman has failed to develop a substantive constitutional theory that would support habeas relief based on his professed actual innocence. Accordingly, his petition must be denied.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

      On July 30, 2014, three men accosted a husband and wife at gunpoint, forced their way into the family's home, and stole cash, marijuana, fashion belts, and car keys. (ECF No. 12-5 ¶¶2–4.) The police arrived mid-robbery, and the robbers fled. (*Id.* ¶5.) Freeman was later apprehended

---

[1] Freeman has been released to extended supervision. (ECF No. 37 at 1 n.1.) Accordingly, Administrator Lance Wiersma is the proper Respondent for Freeman's habeas petition. (*See id.*); Rule 2(a) of the Rules Governing §2254 Petitions; Fed. R. Civ. P. 25(d).
[2] The background facts are based on the Wisconsin Court of Appeals' decisions in Freeman's various appeals. (ECF Nos. 12-5, 23-3, 23-4.)

by police, apparently fleeing the scene. (*Id.* ¶7.) The wife and the couple's teenage son (who was home during the robbery) identified Freeman as one of the robbers. (*Id.* ¶¶2 n.3, 4 n.4.) After a jury trial, Freeman was convicted of armed robbery, burglary, and possession of a firearm by a felon. (*Id.* ¶12.) The state court sentenced him to a term of eleven years' initial confinement and six years' extended supervision. (ECF No. 12-1.)

Shortly before trial, Freeman's counsel filed a witness list that included Steve Harrington as one of the defense witnesses. (ECF No. 12-5 ¶9.) The State moved to preclude Harrington from testifying, arguing that he was an alibi witness, and, under state procedure, Freeman had failed to provide timely notice of his testimony. (*Id.*) Freeman's trial counsel insisted that Harrington was not an alibi witness. (*Id.* ¶10.) Counsel explained that Harrington was Freeman's roommate and would testify that Freeman had left their home with a dog on the morning of the robbery, corroborating Freeman's testimony about his location at the time the crime occurred. (*Id.*) The trial court granted the motion, concluding that Harrington's proffered testimony lacked relevance and Freeman had not timely notified the State of the testimony. (*Id.* ¶11.)

After his conviction and sentencing, Freeman embarked on the first of several postconviction proceedings in state court. He filed an initial postconviction motion arguing that his trial counsel had been constitutionally ineffective and that the trial court had erroneously excluded Freeman's proffered witnesses. (ECF No. 23-3 ¶12.) The circuit court denied the motion without a hearing, and, on February 28, 2017, the Wisconsin Court of Appeals affirmed. (*Id.* ¶¶12, 13.) On June 12, 2017, the Wisconsin Supreme Court denied Freeman's petition for review. (*Id.* ¶13.)

On April 16, 2018, Freeman filed a petition for writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) The initial petition asserted two grounds for habeas relief: (1) a claim that Freeman's trial counsel was ineffective in failing to provide adequate notice of Freeman's alibi witnesses under state law; and (2) a claim that the trial court violated Freeman's Fourteenth Amendment due process right to present a defense when it excluded Harrington and another witness. (*Id.* at 6–7.) The Court screened the petition, (ECF No. 5), and the case was then reassigned on consent to a magistrate judge, (ECF No. 9). Freeman then moved to stay his petition while he tried to exhaust additional claims in state court. (ECF No. 13.) On September 27, 2018, the magistrate judge granted the motion and stayed the case. (ECF No. 14.)

On December 27, 2018, Freeman filed a second motion for postconviction relief in the state trial court, asserting that: newly discovered evidence warranted a new trial; his trial and appellate counsel were ineffective; and the trial court lacked "competence" over the amended information. (ECF No. 23-3 ¶14.) The trial court denied his request for relief and then denied his motion for reconsideration. (*Id.* ¶¶14–15.) Freeman again appealed, raising the same claims and arguing that he was entitled to a new trial based on three witness affidavits he characterized as newly discovered evidence. (*Id.* ¶3.) After a limited remand, the Wisconsin Court of Appeals affirmed the trial court's rulings and rejected Freeman's new trial request. (ECF Nos. 23-3 & 23-4.) On April 3, 2023, the Wisconsin Supreme Court denied Freeman's petition for review. *State v. Freeman*, 2 N.W.3d 407 (Wis. 2023) (unpublished table decision).

On June 20, 2023, Freeman filed an amended habeas petition in this Court. (ECF No. 19.) His amended petition asserts three grounds for habeas relief: (1) a claim that newly discovered evidence establishes his innocence; (2) a claim that Freeman's trial counsel was ineffective in not investigating and calling exculpatory witnesses; and (3) a claim that trial counsel was ineffective in not challenging the complaint and information on due process and multiplicity grounds. (*Id.* at 5–7.) On August 17, 2023, the Court screened Freeman's amended complaint, rejecting Ground Three as time barred. (ECF No. 21.) The Court allowed Freeman to proceed on his remaining grounds, interpreting Ground One as an attempt to restate the Fourteenth Amendment due process claim Freeman had raised in his initial petition. (*Id.* at 5.) The Court warned that actual innocence based on newly discovered evidence is not an independent ground for habeas relief and Freeman would have to support his claim with an underlying constitutional violation.

On September 13, 2023, Respondent filed a motion to dismiss Ground Two on procedural default grounds. (ECF No. 23.) After waiting nearly eight months for Freeman to respond, the Court granted the motion and dismissed Ground Two. (ECF No. 30.) On July 17, 2024, Respondent answered the amended petition. (ECF No. 31.) Briefing is now completed and Freeman's sole remaining ground for habeas relief is ripe for adjudication.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a federal court's ability to grant habeas corpus relief. To obtain relief under AEDPA, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Jones v. Basinger*, 635 F.3d 1030, 1040 (7th Cir. 2011) (quoting 28 U.S.C. §2254(a)). With respect

to a claim adjudicated on the merits in state court, a habeas petition can be granted only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). It is intentionally very difficult to meet. See *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

A state court decision is "contrary to . . . clearly established Federal law" within the meaning of §2254(d)(1) if the state court "applie[d] a rule different from the governing law set forth" by Supreme Court precedent or when the state court "decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). A state court decision involves an "unreasonable" application of established precedent within the meaning of §2254(d)(1) when the "state court identifies the correct governing legal principle . . . but unreasonably applies it to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 64–65 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Under either prong, it is not enough that "a federal court believes the state court's determination was incorrect" or erroneous. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Rather, the state court's application of clearly established law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

## ANALYSIS

Freeman contends he is entitled to habeas relief based on newly discovered evidence of his innocence. (ECF No. 19 at 5.) Specifically, he alleges that he has procured affidavits from three witnesses, Nigel Jackson-Riley, Steve Harrington, and Jamie Gray, that establish he was not involved in the robbery. (*Id.*) Freeman's attempt to secure habeas relief based on these affidavits fails for multiple reasons.

As the Court explained in its August 17, 2023 Screening Order, the United States Supreme Court has yet to recognize a freestanding actual innocence claim entitling a petitioner to habeas relief in a non-capital case. (ECF No. 21 at 5 (citing *Arnold v. Dittman*, 901 F.3d 830, 837 (7th Cir. 2018)).) Accordingly, even if these affidavits indisputably established his innocence, Freeman cannot obtain habeas relief unless he also shows "that his conviction violates the Constitution, laws, or treaties of the United States." *Arnold*, 901 F.3d at 837 (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). At screening, the Court interpreted Freeman's claim as an attempt to support the Fourteenth Amendment due process claim raised in his initial petition and gave him the opportunity to proceed on that theory. (ECF No. 21 at 5.) Freeman has not attempted to develop a due process claim. Instead, he simply argues that he is entitled to an evidentiary hearing (and habeas relief) based on these affidavits, which he has not provided to the Court, insisting that they show he is innocent. (ECF No. 36 at 9–10.) As the Court has already explained, Freeman cannot obtain habeas relief (or even an evidentiary hearing) in this way. The Court could reject his petition for this reason alone.

But Freeman is not entitled to relief for additional reasons. The record confirms that Freeman argued that these affidavits entitled him to a new trial under state law. The Wisconsin Court of Appeals rejected his argument, explaining that the affidavits, even if taken as true, did not provide an alibi for Freeman or otherwise warrant a new trial. (ECF No. 23-3 ¶¶23–33.) Although each witness asserts having seen Freeman walking his dog on the morning of the robbery, the affidavits do not establish his location at the time of the robbery itself, or that "Freeman could not have committed or did not commit the crimes." (*Id.*) On habeas, Freeman must show that this ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*." 28 U.S.C. §2254(d)(1) (emphasis added). Freeman has not even attempted to meet this standard.

Freeman cites several federal cases establishing that a credible claim of actual innocence may suffice to overcome procedural barriers that would otherwise bar a habeas court's consideration of other constitutional claims. (ECF No. 36 at 9, 12–13.) The Court is not, however, rejecting Freeman's habeas petition based on a procedural bar. The Court has allowed him to proceed to the merits of his due process claim, but he has not developed a theory of any underlying constitutional violation. Accordingly, his petition must be denied. *See Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) ("Schlup's claim of innocence does not by itself provide a basis for relief.")

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. *See* 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition.

## CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that Petitioner Dwayne Freeman's Amended Petition for Writ of Habeas Corpus, ECF No. 19, is **DENIED**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *Slack*, 529 U.S. at 484.

Dated at Milwaukee, Wisconsin on May 12, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge